■ In the Matter of the Claim of BEN KUSHNER, Respondent, v. LANDAU, NEWMAN & ROSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability due to a myocardial infarction, appellants contesting the finding of accident on the ground that the work incident in question involved no unusual effort. Claimant's work as a fur nailer in connection with the manufacture of fur garments required him to stretch individual furs or "skins" in shape, the process being to mark out a pattern, wet the fur and stretch it on a board according to the pattern. The employer testified that the larger skins do not require "too much pulling", that occasionally — perhaps once a week or, according to claimant, two or three times per week — a small skin will require greater stretching at the expenditure of increased effort; the employer characterizing it as "a tense set up thing" and agreeing that it required "a great deal of exertion". He said that he did not want the worker "to exert himself too much. * * * So we try to put in the right type of skin. But sometimes * * * he will put in a skin that's a little too small for the garment, and then the nailer has to do a lot of pulling." While engaged in stretching one of the exceptionally small skins, which indeed was required to be stretched three inches in one direc-

tion and two inches in another, and exerting the force of his body in doing so, claimant sustained the disabling attack and was immediately hospitalized. The board was warranted in finding excessive strain, within the meaning of the authoritative cases, which was related to the heart attack and resultant disability by substantial medical evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.